```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EDWIN LYDA,                                    :

               Plaintiff,           :     **REPORT AND**
                                      **RECOMMENDATION**
                                      **TO THE HONORABLE**
      - against -                        :     **DEBORAH A. BATTS**[*]

FREMANTLEMEDIA NORTH           :     10cv4773-DAB-FM
AMERICA,
               Defendant.           :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        Plaintiff Edwin Lyda ("Lyda") commenced this patent infringement action on June 18, 2010, against defendant Fremantlemedia North America ("Fremantle"). (ECF No. 1 ("Complaint" or "Compl.")). On October 23, 2013, having dismissed all of Lyda's claims and granted Fremantle's motion for attorneys' fees, Your Honor referred the case to me for an inquest. (ECF No. 43). For the reasons set forth below, I now recommend that $118,705.09 be awarded to Fremantle as reasonable attorneys' fees and costs.

I.    Background

        Lyda initially filed this action on June 18, 2010, alleging patent infringement under 35 U.S.C. §§ 271 and 281. (Compl.). After filing a first amended complaint on September 13, 2010, (ECF No. 2 ("FAC")), Lyda effected service on

---

       [*]    This Report and Recommendation was prepared with the assistance of Maybeline Saharig, a student at Seton Hall Law School.

September 14, 2010, (ECF No. 3). Lyda's pleadings alleged that he was the sole owner of two United States patents: the "243 Patent," relating to a "Response Apparatus Method and System;" and the "506 Patent," relating to a "Method and Apparatus for Response System." (FAC ¶¶ 3-5). Lyda further alleged that Fremantle substantially controls production of the television program American Idol and infringed his patents by, among other things, "utiliz[ing] 'dress rehearsals' to test its electrical systems such as audience voting both in the theater, and outside the theater along with its computer processing for compiling votes as well [as] other electrical system functions anticipated for conducting a major show on television before a live audience." (Id. ¶¶ 7-8).

In lieu of an answer, Fremantle filed a motion to dismiss for failure to state a claim on October 5, 2010. (ECF No. 11). Your Honor granted that motion on July 14, 2011, with leave for Lyda to file a second amended complaint. (ECF No. 22). After Lyda filed such a complaint on July 27, 2011, (ECF No. 23), Fremantle filed a second motion to dismiss for failure to state a claim on August 8, 2011, (ECF No. 24). On March 8, 2012, Your Honor granted the motion and dismissed Lyda's claims with prejudice. (ECF No. 27).

On April 3, 2012, Fremantle filed a motion for attorneys' fees pursuant to 28 U.S.C. § 1927 and 35 U.S.C. § 285, (ECF No. 32), which Your Honor granted over Lyda's opposition, (ECF No. 34), on August 9, 2012, (ECF No. 36). After also denying two motions by Lyda for reconsideration of the order of dismissal with prejudice, (see

ECF Nos. 28, 36, 38, 42), Your Honor referred this matter to me for an inquest as to attorneys' fees on October 23, 2013, (ECF No. 43).  Thereafter, I directed Fremantle to serve and file its inquest papers by December 9, 2013, and Lyda to serve and file any opposition papers by December 23, 2013.  (ECF No. 45).  My order cautioned that, "[i]f no request for a hearing is made by any party, I shall make my report and recommendation on the basis of the papers submitted to me without any oral argument." (Id. at 2).  Although Fremantle timely filed its inquest papers, (ECF Nos. 46-48), Lyda has neither responded nor had any other communication with the Court.

II.     Discussion

Fremantle seeks to recover attorneys' fees and costs in the total amount of $166,638.  (ECF No. 47 (Def.'s Inquest Mem. ("Def.'s Mem.")) at 2).  Of this amount, Fremantle attributes $165,356 to attorneys' fees (including paralegal and filing clerk fees) and $1,282 to costs.  (Id. at 4; see also infra note 6).

   A.    Reasonable Attorneys' Fees

Pursuant to 35 U.S.C. § 285, in "exceptional" circumstances, a court may award reasonable attorneys' fees to the prevailing party.  Computer Docking Station Corp. v. Dell, Inc., 519 F.3d 1366, 1379 (Fed. Cir. 2008) (citing Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989)).  Your Honor previously found that this case is "exceptional" because, among other factors, the question of infringement was not a close one, the litigation was objectively baseless, and

Lyda knew of the deficiencies in his claims as early as August of 2010 yet continued to prosecute them for several years. (See ECF No. 36 at 4-5). Accordingly, Fremantle is entitled to its reasonable attorneys' fees.

To determine the amount of attorneys' fees to which a party is entitled, a court must calculate the "presumptively reasonable fee," often referred to as the "lodestar." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). That amount is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Id. at 190; see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010) (noting that the lodestar method is "objective, . . . cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predicable results") (internal quotation marks omitted). Courts calculate the presumptively reasonable fee by multiplying the reasonable number of hours that the case requires by the reasonable hourly rates. Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

1. Reasonable Hourly Rate

In assessing the reasonableness of an attorney's hourly rate, the Court must consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." I.B. v. N.Y.C. Dep't of Educ., 336 F.3d 79, 80 (2d Cir. 2003) (quoting Blum

v. Stenson, 465 U.S. 886, 895 n.11 (1984)).  In doing so, the Court may rely on its own knowledge of private firm hourly rates.  Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

Fremantle is currently represented in this action by Morgan, Lewis & Bockius LLP ("Morgan Lewis"), an international law firm with twenty-eight offices and more than 2,000 legal professionals.  See Morgan Lewis, About Us, http://www.morganlewis.com/our-firm/about-us (last visited June 27, 2016).  Earlier in their representation of Fremantle, several of the Morgan Lewis attorneys were affiliated with Howrey LLP, a now-defunct law firm.[1]  (Def.'s Mem. at 4).  Fremantle seeks to recover fees for a total of two partners and five associates, as well as paralegals and filing clerks.  (See ECF No. 48 (Decl. of Charles D. Manice, Esq., dated Dec. 9, 2013 ("Manice Decl.")), Ex. 3 (Attorney Hours Worked Spreadsheet ("Spreadsheet"))).

The most highly compensated attorney for whom Fremantle seeks to recover fees is Theresa M. Gillis, a partner with more than forty years of experience practicing intellectual property law.  (Manice Decl., Ex. 4 ("Attorney Bios") at 2-4).  Fremantle seeks to be reimbursed for Ms. Gillis' time at the rate of $765 per hour.  (Spreadsheet at 2).  The other partner for whom Fremantle seeks to recover attorneys' fees is Jason C. White.  Mr. White has more than fifteen years of experience litigating intellectual property matters.  (Attorney Bios at 5-6).  Fremantle seeks to be reimbursed

---

[1]   The Court is aware that Howrey LLP was a large, well-regarded firm with expertise in the intellectual property area.

for his time at the rate of $605 per hour. (Spreadsheet at 2-5). The five associates for whom Fremantle seeks attorneys' fees are Mansi H. Shah, Charles D. Manice, Scott D. Sherwin, David N. Patariu, and William Chang. (Spreadsheet at 2-5; Attorney Bios at 7-15). Fremantle seeks to be reimbursed for these associates' work at varying rates at varying times, ranging from $290 to $550 per hour. (Spreadsheet at 2-5). In addition to the fees of the partners and associates, Fremantle also seeks to recover paralegal fees at rates between $245 and $260 per hour and filing clerk fees at the rate of $240 per hour. (Id.).

In assessing the reasonableness of the hourly rates charged by Fremantle's counsel, the Court may consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience[,] and reputation." I.B., 336 F.3d at 80. The Court also may factor into its determination "the difficulty of the questions involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's experience, ability and reputation[,] the customary fee charged by the Bar for similar services[,] and the amount involved." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987) (quoting In re Schaich, 391 N.Y.S.2d 135, 136 (2d Dep't 1977)). The rates that counsel actually charged are, of course, also evidence of what might constitute a reasonable fee. See Crescent Publ'g Grp. v. Playboy Enters., Inc., 246 F.3d 142, 151 (2d Cir. 2001). Nevertheless, the issue ultimately is not what well-heeled clients might be willing to pay, but the "hourly rate at which a client

who wished to pay no more than necessary would be willing to compensate his attorney" for the services that Morgan Lewis provided. Arbor Hill, 522 F.3d at 192.

Assessed in this manner, I find that the hourly billing rates of some of the attorneys involved in this matter require downward adjustment. First, the rate of $765 per hour that Fremantle seeks to recover for Ms. Gillis' five hours of work in 2010 is excessive. (See Spreadsheet at 2). According to the 2011 AIPLA Report of the Economic Survey ("AIPLA Survey"),[2] the nationwide average rate in 2010[3] of a partner with more than thirty-five years of experience was $524 per hour, the median was $550, and the seventy-fifth percentile was $653. (Manice Decl., Ex. 1 ("2011 AIPLA Excerpts") at 4). The 2011 AIPLA Survey also shows that these rates varied according to the location of the private firm, with rates in New York being among the highest in comparison to other metropolitan areas nationwide. (Id.). By this metric, according to the 2011 AIPLA Survey, the average rate of an intellectual property partner at a private law firm in the New York metropolitan area was $557 per hour, the median was $590,

---

[2] The AIPLA Survey examines the economic aspects of intellectual property law, including the average hourly billing rates of partners and associates in private law firms. 2013 Report of the Economic Survey, American Intellectual Prop. Law Ass'n, http://www.aipla.org/learningcenter/library/books/econsurvey/2013EconomicSurvey/Pages/default.aspx (last visited June 27, 2016). Courts frequently refers to AIPLA surveys when determining attorneys' reasonable hourly rates in cases involving intellectual property claims. See, e.g., OZ Mgm't LP v. Ozdeal Inv. Consultants, Inc., No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *3 (S.D.N.Y. Dec. 6, 2010); Takeda Chem. Indus. Ltd. v. Mylan Labs., Inc., Nos. 03 Civ. 8253 (DLC), 04 Civ. 1966 (DLC), 2007 WL 840368, at *3 (S.D.N.Y. Mar. 21, 2007).

[3] The 2011 AIPLA Survey reports the hourly billing rates that partners and associates in private law firms earned in 2010.

and the seventy-fifth percentile was $675. (Id.). Considering Ms. Gillis' forty years of experience in the field, as well as the higher average rates in New York, I find that it is reasonable to award Fremantle attorneys' fees for work performed by Ms. Gillis at the rate of $675 per hour, the seventy-fifth percentile rate reported for partners in the New York metropolitan area in 2010. I note that I previously have found a similar rate appropriate for such an experienced intellectual property partner. See, e.g., OZ Mgm't, 2010 WL 5538552, at *3 ($657 hourly rate for chairman of firm's intellectual property practice with more than twenty years of experience deemed reasonable).

The rate of $605 per hour requested by Fremantle for the work performed by Mr. White between 2010 and 2013 is also somewhat excessive. (See Spreadsheet at 2-5). Mr. White graduated from law school in 1996; thus, when he began working on this case at its inception in 2010, he had approximately fourteen years of experience. (Attorney Bios at 5-6). According to the 2011 AIPLA Survey, the nationwide average rate in 2010 of a partner with less than fifteen years of experience was $383, the median was $360, and the seventy-fifth percentile was $425. (2011 AIPLA Excerpts at 4). In Oz Mgm't, however, I awarded a partner five years Mr. White's junior a discounted billing rate of $459 per hour for work performed in 2009 and 2010. See 2010 WL 5538552, at *4. Moreover, that partner was at a New York City firm considerably smaller than Morgan Lewis. I therefore find that an hourly rate of $500 for Mr. White is reasonable for the work that he performed in 2010 and 2011. Although the 2013 AIPLA shows that

rates increased modestly in 2012, (see Manice Decl., Ex. 2 ("2013 AIPLA Excerpts") at 4), I consider this rate also to be reasonable for work performed by Mr. White in 2012 and 2013.  See also Ritchie v. Gano, 756 F. Supp. 2d 581, 583 (S.D.N.Y. 2010) (rates of "$475 to $525 per hour for two partners with over twenty years of experience . . . are reasonable in light of the rates normally charged for [copyright and trademark infringement] work in this district"); Malletier v. Artex Creative Int'l Corp., 687 F. Supp. 2d 347, 360-61 (S.D.N.Y. 2010) (hourly rates between $475 and $540 deemed "reasonable in light of [attorney's] approximately twenty-four years' experience in the practice of law and the fact that he practices intellectual property law at a large Manhattan law firm"); Yurman Designs, Inc. v. PAJ, Inc., 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) (awarding $520.69 per hour for intellectual property partner's time).

    Turning to the associates' rates, Fremantle first requests reimbursement for Ms. Shah's work from 2010 to 2013.  (See Spreadsheet at 2-5).  According to Fremantle, Ms. Shah billed at a rate of $420 per hour in 2010, but at the rate of $370 per hour in succeeding years.  (Id.).  This anomaly is apparently attributable to the transfer of Fremantle's business and attorneys from Howrey LLP to Morgan Lewis.  Ms. Shah graduated from law school in 2006; thus, when she started working on the case in 2010, she had approximately four years of experience.  (Attorney Bios at 9-10).  Fremantle has only furnished the Court with excerpts from the AIPLA Surveys for 2011 and 2013.  According to the 2011 AIPLA Survey, the nationwide average rate in 2010 of an

associate with less than five years of experience was $264, the median was $250, and the seventy-fifth percentile was $325. (2011 AIPLA Excerpts at 5). According to the 2013 AIPLA Survey, the nationwide average rate in 2012 of an associate with 5-6 years of experience was $330, the median was $310, and the seventy-fifth percentile was $394. (2013 AIPLA Excerpts at 5). Based on these numbers, I find that a blended rate of $360 is appropriate for all of the work that Ms. Shah performed.

Next, Fremantle requests reimbursement for Mr. Manice's work from 2010 to 2013. (See Spreadsheet at 2-5). According to Fremantle, Mr. Manice billed at a rate of $395 per hour in 2010, $450 per hour in 2011 and 2012, and $550 per hour in 2013. (Id.). Since Mr. Manice graduated from law school in 2007, when he started working on the case in 2010, he had approximately three years of experience. (Attorney Bios at 11). He, of course, became more experienced as this case lingered on. By 2012, according to the 2013 AIPLA Survey, the nationwide average billing rates for an associate with 5-6 years of intellectual property experience was $330, the median was $310, and the seventy-fifth percentile was $394. (2013 AIPLA Excerpts at 5). I note, however, that Mr. Manice is an associate in Morgan Lewis' general litigation practice, and not an intellectual property specialist. (Attorney Bios at 11.). Thus, I find that a blended rate of $360 per hour is reasonable for all of Mr. Manice's work.

Next, Fremantle requests reimbursement for Mr. Sherwin's work during 2011 and 2012 at a rate of $350 per hour. (See Spreadsheet at 3-4). Mr. Sherwin

graduated from law school in 2007, the same year as Mr. Manice. Mr. Sherwin, however, has extensive patent experience and an undergraduate engineering degree. (Attorney Bios at 12-13). The $350 per hour that Fremantle seeks for his time therefore is eminently reasonable.

Fremantle also seeks reimbursement for Mr. Patariu's work during 2011 and 2012 at a rate of $290 per hour. (Spreadsheet at 3-4). Mr. Patariu graduated from law school in 2009. (Attorney Bios at 14-15). Thus, when he started working on the case in 2011, he had only about two years of experience. Nevertheless, even in 2012, the nationwide seventy-fifth percentile rate for an associate with less than five years of intellectual property experience was $317. (2013 AIPLA Excerpts at 5). Since Mr. Patariu's experience fell within this range for the duration of his work on this case, Fremantle's requested hourly rate of $290 for Mr. Patariu's work is reasonable.

The last associate for whom Fremantle requests reimbursement is Mr. Chang, who was billed at a rate of $335 per hour. (Spreadsheet at 4). Mr. Chang graduated from law school in 2005; thus, when he worked on this case in 2012, he had approximately seven years of experience. (Attorney Bios at 7-8). Mr. Chang was an "appellate associate" at Morgan Lewis, not an attorney specializing in intellectual property law. (Id.). Although the AIPLA average rates therefore are not directly applicable, according to the 2013 AIPLA Survey, the nationwide median rate in 2012 for an associate with seven years of experience was $325 and the nationwide seventy-fifth

percentile rate was $400. (2013 AIPLA Excerpts at 5). Viewed through that lens, I find that Fremantle's requested hourly rate of $335 for Mr. Chang's services is reasonable.

Fremantle also seeks to be reimbursed for a relatively small number of hours of paralegal time from 2010 through 2012 and filing clerk time from 2011 through 2013. (Spreadsheet at 2-5). The paralegal time was billed at $245 per hour in 2010 and $260 per hour in 2011 and 2012; the filing clerk time was billed at $240 per hour. (Id.). Fremantle has not provided any information regarding the paralegals' backgrounds, nor has it attempted to otherwise justify their hourly billing rates. As Judge John F. Keenan noted in a recent decision, a "[r]eview of contemporaneous cases in the Southern District of New York . . . suggests that paralegal fees range between $100 and $280." Tabatznik v. Turner, No. 14 Civ. 8135 (JFK), 2016 WL 1267792, at *12 (S.D.N.Y. Mar. 30, 2016) (citing Doe v. Unum Life Ins. Co. of Am., No. 12 Civ. 9327 (LAK) (AJP), 2016 WL 335867, at *6 (S.D.N.Y. Jan. 28, 2016) (approving $200 paralegal rate); Tackney v. WB Imico Lexington Fee, LLC, No. 10 Civ. 2734 (PGG), 2015 WL 1190096, at *5 (S.D.N.Y. Mar. 16, 2015) (approving $135 paralegal rate); Genger v. Genger, No. 14 Civ. 5683 (KBF), 2015 WL 1011718, at *3 (S.D.N.Y. Mar. 9, 2015) (approving $260-280 paralegal rates even though they "might reflect some degree of largesse"); Sprint Commc'ns Co. v. Chong, No. 13 Civ. 3846 (RA), 2014 WL 6611484, at *8 (S.D.N.Y. Nov. 21, 2014) (approving $180-205 paralegal rates); Berrian v. City of N.Y., No. 13 Civ. 1719 (DLC) (DF), 2014 WL 6611356, at *7 (S.D.N.Y. July 28, 2014) (approving $100 paralegal

rate)). Within this range, I find that an hourly billing rate of $180 per hour is reasonable.

Finally, I note that Fremantle seeks to recover for 1.9 hours of "filing clerk" time. (See Def.'s Mem. at 4; Spreadsheet at 3-5). The actual invoices indicate that this time was expended by someone described as an "administrative paralegal," (see Manice Decl., Ex. 5 ("Invoices") at 25, 32, 38, 46, 53, 63, 93), and that the time charges for individuals described as filing and docket clerks are not time for which Fremantle seeks to recover, (see id. at 32, 46). The administrative paralegal's time should also be allowed at an hourly rate of $180.

In sum, the following table details the requested rates and the hourly rates which I find to be reasonable for all of the timekeepers:

| Timekeeper | Requested Rate | Adjusted Rate |
|---|---|---|
| Ms. Gillis (partner) | $765 | $675 |
| Mr. White (partner) | $605 | $500 |
| Ms. Shah (associate) | $420/$370 | $360 |
| Mr. Manice (associate) | $395/$450/$550 | $360 |
| Mr. Sherwin (associate) | $350 | $350 |
| Mr. Patariu (associate) | $290 | $290 |
| Mr. Chang (associate) | $335 | $335 |
| Paralegals | $245/$260 | $180 |
| Filing clerks | $240 | $180 |

2. Hours Reasonably Expended

Having assessed the reasonableness of Fremantle's requested hourly rates for attorneys, paralegals, and filing clerks, I now turn to the reasonableness of the hours

13

expended by Fremantle's counsel.

To enable a court to determine the reasonableness of the hours expended, a party seeking an award of attorneys' fees must submit contemporaneous time records indicating the number of hours expended and the nature of the work done. See Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986); Puglisi v. Underhill Park Taxpayer Ass'n, 964 F. Supp. 811, 817 (S.D.N.Y. 1997). In keeping with this requirement, Fremantle initially furnished the Court with redacted copies of its counsel's contemporaneous time records. (See Invoices). Subsequently, at my request, Fremantle provided unredacted copies of these time records for in camera review.

Fremantle seeks reimbursement for a total of 71.25 partner hours and 314.85 associate hours,[4] for a total of 386.1 hours of attorney time. (Def.'s Mem. at 4; see also Spreadsheet at 2-5). In addition, Fremantle seeks reimbursement for a total of 10.45 hours of paralegal time and 1.9 hours of filing clerk time.[5] (Id.). Having reviewed both Fremantle's explanation of these hours in its inquest memorandum, (Def.'s Mem. at 5), and the unredacted time records, I find that the number of hours expended in this case was excessive in certain respects. For example, in 2012, after Fremantle's second motion

---

[4] In its inquest memorandum, Fremantle appears to have inadvertently double-counted 0.2 hours of 2013 filing clerk time as both associate time and filing clerk time. (Compare Def.'s Mem. at 4, with Spreadsheet at 5). The total associate hours claimed therefore is 314.85, not 315.05 as Fremantle suggests.

[5] I calculated the total of 1.9 hours of filing clerk time by adding the hours in each relevant year in the spreadsheet provided by Fremantle. (See Spreadsheet at 3-5). Although Fremantle separately accounted for filing clerk time in this spreadsheet, in its inquest memorandum, this time was folded into an "other costs/fees" category. See also infra note 6.

to dismiss had been granted but before the firm's inquest preparations had begun, (see ECF Nos. 27, 43), Morgan Lewis attorneys worked on this matter for 170 hours (28.2 partner hours and 141.8 associate hours), (see Def.'s Mem. at 5). According to Fremantle's inquest memorandum, these 170 hours were devoted to: (a) responding to Lyda's two motions for reconsideration, (see Def.'s Mem. at 4), which Fremantle did through relatively brief memoranda containing duplicative text, (see ECF Nos. 30, 39); and (b) the preparation and filing of reply papers regarding Fremantle's motion for attorneys' fees, (see Def.'s Mem. at 4), which again were brief, (see ECF No. 35). Given the relatively straightforward nature of both these tasks, I find that 170 hours is an excessive amount of time. Similarly, in 2011, Morgan Lewis attorneys worked on this matter for 92.8 hours (12.8 partner hours and 80 associate hours) that appear to have been devoted almost entirely to preparing and filing Fremantle's second motion to dismiss and related reply papers. (See Def.'s Mem. at 5). Lyda's claims, however, had already been dismissed once, and, by Fremantle's own admission, his second amended complaint was not substantially different from its predecessor. (See ECF No. 24 at 3).

In light of these and similar billing concerns, I find that it is appropriate to reduce all of Morgan Lewis' time charges by twenty percent. See In re "Agent Orange" Product Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) ("[A]n across-the-board percentage cut[] in hours [is] a practical means of trimming fat from a fee application[.]") (quotation marks and citation omitted); Days Inn Worldwide, Inc. v. Amar Hotels, Inc., No. 05 Civ. 10100 (KMW) (KNF), 2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (reducing

attorneys' fee by seventy-five percent when "a substantial amount of work performed . . . was redundant and unnecessarily duplicative"); Lide v. Abbott House, No. 05 Civ. 3790 (SAS), 2008 WL 495304, at *1-2 (S.D.N.Y. Feb. 25, 2008) (reducing attorney fee award by thirty percent for various reasons, including "excessive and unnecessary hours spent on indisputably straightforward tasks").

After making this adjustment, Fremantle is entitled to recover a total of $117,936 as its reasonable attorneys' fees in this case. The following chart explains how this amount was determined:

| Timekeeper | Hours | Adjusted Rate | Total | Adjusted Total |
|---|---|---|---|---|
| Ms. Gillis (partner) | 5 | $675 | $3,375 | $2,700.00 |
| Mr. White (partner) | 66.25 | $500 | $33,125 | $26,500.00 |
| Ms. Shah (associate) | 189.4 | $360 | $68,184 | $54,547.20 |
| Mr. Manice (associate) | 47.55 | $360 | $17,118 | $13,694.40 |
| Mr. Sherwin (associate) | 10.4 | $350 | $3,640 | $2,912.00 |
| Mr. Patariu (associate) | 64.3 | $290 | $18,647 | $14,917.60 |
| Mr. Chang (associate) | 3.2 | $335 | $1,072 | $857.60 |
| Paralegals | 10.65 | $180 | $1,917 | $1,533.60 |
| Filing clerks | 1.9 | $180 | $342 | $273.60 |
| **TOTAL** | | | $147,420 | $117,936.00 |

B.   Costs

In addition to attorneys' fees, Fremantle seeks to recover $1,282 in costs from 2010 through 2012.  (See Spreadsheet at 2-4).[6]  However, Fremantle has provided invoices totaling only $809.09.  (See Invoices at 8, 13, 17, 26, 33, 47, 54, 64, 71, 95).  These invoices reflect expenditures for court filing fees, reproduction, computer-assisted research, and postage.  (Id.).  For the remaining $472.91 claimed, Fremantle has provided no supporting documentation of the charges other than their amounts and the months incurred.  (See Spreadsheet at 2-4).  It therefore is impossible to determine what these charges were for and whether they are reimbursable.  Furthermore, I decline to award the $40 in documented costs attributable to Mr. White's pro hac vice admission, because it was Fremantle's choice to retain non-local counsel.  See Access 4 All, Inc. v. 135 W. Sunrise Realty Corp., No. 06 Civ. 5487 (AKT), 2008 WL 4453221, at *11 (E.D.N.Y. Sept. 30, 2008) ("It is within the Court's discretion whether to award attorney's fees for a pro hac vice motion."); Harty v. Par Builders, Inc., No. 12 Civ. 2246 (CS), 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016) (declining to award pro hac vice costs because "the decision not to use counsel already admitted in this District was entirely up to [the p]laintiff, and [the d]efendant need not pay for that choice").  Fremantle consequently is entitled only to costs in the amount of $769.09.

---

[6]   In its inquest papers, Fremantle requests a total of $1,738 in "other costs/fees," (see Def.'s Mem. at 4), which, upon closer examination, represents the sum of the "filing clerk" columns and the "other fees" columns in the supporting spreadsheet, (see Spreadsheet at 2-5).  In the alternative, subtracting the $456 attributable to filing clerk fees, (see id.), from $1,738 also yields $1,282 in requested costs.

III.   Conclusion

For the forgoing reasons, I recommend that Fremantle be awarded attorneys' fees in the amount of $117,936, plus costs in the amount of $769.09, for a total of $118,705.09.

IV.   Notice of Procedure For Filing Objections to This Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, to my chambers at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  See 28 U.S.C. § 636(b) (1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge Batts.  Failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

Dated:    New York, New York
          July 11, 2016

_____
FRANK MAAS
United States Magistrate Judge

Copies to all Counsel (via ECF)